UNITED STATES BANKRUPTCY COURT
FOR THE
DISTRICT OF MASSACHUSETTS

~~~~~~~~~~~~~~~~~~~~~~~~~~~~

In re
**MELISSA B. SARNER,**                              Chapter 13
      Debtor                                        Case No. 10-17487-JNF

~~~~~~~~~~~~~~~~~~~~~~~~~~~~

**MEMORANDUM**

**I. INTRODUCTION**

Four matters are before the Court: 1) the Motion for Consolidation or Joint

Administration, pursuant to which Melissa Sarner (the "Debtor") seeks either substantive

consolidation or joint administration of her Chapter 13 case with that of her spouse,

Lawrence E. Sarner ("Sarner"), who commenced a Chapter 13 case on November 24, 2009

which is pending before the Court (Case No. 09-21351-JNF); 2) the Motion of Creditor Dean

Co-Operative Bank for Relief from Automatic Stay, pursuant to which Dean Co-Operative

Bank seeks relief from the automatic stay under 11 U.S.C. § 362(d)(1) and (d)(2) with

respect to residential property owned by the Debtor and Sarner, located at 625 Old Farm

Road, Franklin, Massachusetts (the "property"); 3) the Emergency Motion of Dean Co-

Operative Bank to Strike Debtor's Unconfirmable Plan and Grant the Bank Relief from the

Automatic Stay Pursuant to Its Pending Motion; and 4) the Debtor's Motion for Order

Confirming Automatic Stay, pursuant to which the Debtor seeks a determination that an

*in rem* order entered by Bankruptcy Judge Hillman in Sarner's Chapter 13 case, *see* 11

U.S.C. § 362(d)(4), did not deprive her of the full benefit of the automatic stay because Dean

Co-Operative Bank failed to record the *in rem* order in the Norfolk County Registry of

Deeds.  The Debtor also filed a Motion for Summary Judgment in conjunction with the

Motion for Order Confirming Automatic Stay.

The Chapter 13 trustee filed a Response to the Motion for Consolidation or Joint

Administration opposing substantive consolidation.  Middlesex Savings Bank ("MSB"), a

secured creditor holding a second mortgage on the property, also filed a Limited

Opposition, opposing consolidation "to the extent that the same may deprive MSB of its

right to file a Proof of Claim in Melissa Sarner's bankruptcy . . . ."

The Debtor filed an Objection to Dean Co-Operative Bank's Motion for Relief from

Automatic Stay.  She disputed its arguments that she lacks equity in the property, that she

cannot meet her burden that the property is necessary for an effective reorganization, and

that any Chapter 13 plan which she may propose has no reasonable likelihood of

confirmation within a reasonable time.  The Debtor stated that in Chapter 13 cases a

debtor's home "presumptively is necessary for an effective reorganization," and that

"confirmation is likely" because objections to confirmation of Sarner's Second Amended

Pre-Confirmation Chapter 13 Plan "are meritless and will be overruled."

The Debtor also filed an Objection to Dean Co-Operative Bank's Motion to Strike.

She contends that it is rife with misstatements of fact and law.

The Court heard the Motion for Relief from Automatic Stay on August 9, 2010.  The

Court also heard the Debtor's Motion for Order Confirming Automatic Stay.  The Motion

for Relief from Automatic Stay and the other matters before the Court raise a number of

issues, the most important of which is whether the Debtor has satisfied her burden under

11 U.S.C. § 362(g) and the Supreme Court's decision in United Sav. Ass'n of Texas v.

Timbers of Inwood Forest Assocs., Ltd., 484 U.S. 365, 376 (1988) ("there must be 'a

reasonable possibility of a successful reorganization within a reasonable time.'").  The facts

necessary to decide the Motions are not in material dispute. To the extent any disputes may

exist, the Court accepts the Debtor's valuations and evidence of the amount and priority

of liens set forth in her Schedules and Chapter 13 plan, unless otherwise noted.

Accordingly, the Court now makes its findings of fact and conclusions of law in accordance

with Fed. R. Bankr. P. 7052.  For the reasons set forth below, the Court shall enter an order

denying the Motion for Consolidation or Joint Administration, granting the Motion for

Relief from Automatic Stay, and finding the Motion to Strike and the Motion for Order

Confirming Automatic Stay together with the Debtor's Motion for Summary Judgment

moot.

## II. BACKGROUND

The Debtor, who like her husband is a dentist employed by Alpha Dental Center in

Franklin, Massachusetts, filed a voluntary Chapter 13 case on July 11, 2010.  Prior to the

commencement of her 2010 Chapter 13 case, the Debtor had filed a Chapter 13 case on

August 12, 2008 (Case No. 08-16008-WCH).  The Debtor was unable to maintain her

monthly plan payments in the amount of $2,761 under her Third Amended Chapter 13 plan

in that case, and the Chapter 13 trustee filed a Motion to Dismiss.  Prior to the hearing on

the Chapter 13 trustee's motion, however, the Debtor, on November 18, 2009, converted

her Chapter 13 case to a case under Chapter 7.  She obtained a Chapter 7 discharge on

February 22, 2010, and, therefore, is ineligible to receive a discharge in her present Chapter

13 case.  *See* 11 U.S.C. § 1328(f)(1) (" . . . the court shall not grant a discharge of all debts

provided for in the plan or disallowed under section 502, if the debtor has received a

discharge . . . in a case filed under chapter 7 . . . of this title during the 4-year period

preceding the date of the order for relief under this chapter").

Sarner also has a Chapter 13 case pending.  On August 12, 2010, the Court sustained

the Limited Objection of Dean Co-Operative Bank, the holder of a non-modifiable first

mortgage on the property in the original principal amount of $382,000, to his Second

Amended Chapter 13 Plan pursuant to which it complained that Sarner's Second Amend

Chapter 13 Plan failed to provide for its postpetition mortgage payments, and other fees

and charges with respect to its first mortgage on the property.[1]  The Court ordered Sarner

to file a Third Amended Chapter 13 Plan by August 23, 2010.  Accordingly, the Court finds

that the Debtor's arguments that "confirmation [or Sarner's plan] is likely" because

---

[1] In its proof of claim filed in Sarner's Chapter 13 case, Dean Co-Operative Bank
set forth a claim for prepetition arrearages in the sum of $51,707.97.  Sarner objected to
the claim and filed an adversary proceeding against Dean Co-Operative Bank and other
lien holders in which he challenged, *inter alia,* Dean Co-Operative Bank's accounting of
the prepetition arrearage, including the charges for legal fees and appraisal fees.  The
bank has moved to dismiss count one of the complaint against it, and a hearing is
scheduled for September 7, 2010.  Moreover, Dean Co-Operative Bank obtained relief
from the automatic stay in Sarner's Chapter 13 case on March 11, 2010.

objections to confirmation of his Second Amended Pre-Confirmation Chapter 13 Plan "are

meritless and will be overruled" are without foundation.

Sarner previously had filed a Chapter 13 case on August 16, 2005. On June 5, 2008,

approximately two months before the Debtor filed her first Chapter 13 case, which was

converted to a case under Chapter 7, the Court granted the Chapter 13 trustee's motion to

dismiss Sarner's first Chapter 13 case for his failure to maintain plan payments. Thus, both

the Debtor and Sarner have demonstrated an inability to maintain plan payments in their

respective prior Chapter 13 cases.

The Debtor filed her Schedules, Statement of Financial Affairs, Chapter 13 Plan and

other documents on August 9, 2010. On Schedule A-Real Property, she listed the property

with a value of $487,000, subject to secured claims totaling $509,814.25.   Accordingly, by

her own admission, there is no equity in the property.  On Schedule D-Creditors Holding

Secured Claims, she listed the following creditors and the amounts of their claims as

follows:

| | | |
|---|---|---|
| First Mortgage | Dean Co-Operative Bank | $360,000.00 |
| Second Mortgage | Middlesex Savings Bank | $ 35,000.00 |
| Third Mortgage | Household Finance Corp. II | $ 46,000.00 |
| Real estates taxes | Town of Franklin | $ 17,389.25 |
| Tax lien | MA Dept. of Revenue | $ 11,425.00 |
| Attachment | HPSC | $ 40,000.00 |
| **TOTAL** | | **$509,814.25** |

On Schedule E-Creditors Holding Unsecured Priority Claims, the Debtor listed the

Internal Revenue Service with a claim in the sum of $65,758.00. On Schedule F-Creditors

holding Unsecured Nonpriority Claims, the Debtor indicated that her unsecured debts had been discharged in her prior Chapter 7 case.

On Schedules I and J-Current Income and Expenditures of Individual Debtor(s), the Debtor disclosed that her monthly income together with Sarner's income totaled $9,767. Sarner listed income of $10,677 on an Amended Schedule I, which he filed on March 3, 2010, a $910 difference attributable to the Debtor's receipt of an additional $910 per month in income for an extra ½ day of work per week.

The Debtor disclosed expenses totaling $7,642 per month, expenses which included the payment of $1,285 per month for a student loan debt to Sallie Mae which was not listed on Schedule F in either her present Chapter 13 case or her prior case. Sarner's expenses on Amended Schedule J, which he filed on January 15, 2010, totaled $6,924. Thus, the Debtor disclosed monthly net income of $2,125, while Sarner disclosed monthly net income of $2,843 on Amended Schedule J, which he filed on January 15, 2010. Because Sarner filed his Amended Schedule I after he filed his Amended Schedule J, his monthly net income is actually $3,753. Nevertheless, in his Second Amended Pre-Confirmation Chapter 13 Plan, Sarner proposed a monthly plan payment of $6,317.

## III. THE DEBTOR'S CHAPTER 13 PLAN

The Debtor's Chapter 13 plan is predicated on this Court's allowance of substantive consolidation of her case and Sarner's case, as her Chapter 13 plan is virtually identical to Sarner's Second Amended Pre-Confirmation Chapter 13 Plan, in which he states that he "is able to pay a 100% dividend in less than 60 months." The Debtor's plan provides:

*NOTE: ALL PAYMENTS UNDER THIS PLAN ARE BEING MADE IN THE CASE OF LAWRENCE SARNER, DOCKET # 09-21351, AS TO WHICH A MOTION TO CONSOLIDATE OR FOR JOINT ADMINISTRATION IS PENDING.*

Thus, the Debtor's Chapter 13 plan provides for no monthly payments. Because the Debtor adopts Sarner's Second Amended Pre-Confirmation Plan as her own, the monthly plan payment would be $6,317.00 commencing July 1, 2010 for a term of 46 months, plus amounts already paid. Sarner's Official Form 22C-Chapter 13 Statement of Current Monthly Income and Calculation of Commitment Period and Disposable Income reveals that he has no monthly disposable income ( -$975), while the Debtor's Official Form 22C reveals monthly disposable income of $1,507.43. The Debtor and Sarner both indicated on Form 22C that their applicable commitment period is five years. Moreover, in her Statement of Financial Affairs, the Debtor disclosed income from employment for the couple in the sum of $64,000 for calendar year 2009 and $128,000 to date for calendar year 2010.[2]

The Debtor's Chapter 13 plan is predicated upon the proof of claim bar date of April 6, 2010 applicable to Sarner's Chapter 13 case, rather than the November 23, 2010 bar date applicable to her Chapter 13 case. Additionally, the Debtor's plan fails to reference the payment of $1,285 per month to Sallie Mae, an unsecured student loan creditor whose debt would not have been discharged in her prior case even if it had been properly listed, *see* 11 U.S.C. § 523(a)(8), or her unpaid attorney's fees of $3,500. Moreover, her plan provides for

---

[2] The Debtor's Schedule I reflects gross annual income of $160,356, which includes a monthly bonus payable to Sarner, a sum far short of $256,000, which can be extrapolated from the income disclosed in her Statement of Financial Affairs for 2010.

the payment of unsecured debt in the sum of $37,166.01 for which she is not responsible

due to her Chapter 7 discharge. Indeed, the claims register in Sarner's Chapter 13 case

reflects unsecured proofs of claim in the total amount of $37,163.01.

Additionally, the Debtor, through her 46-month Chapter 13 plan, provides for the

payment of $49,385.76 to the Internal Revenue Service, despite listing its claim on Schedule

E in the sum of $65,758.00. *See* 11 U.S.C. § 1322(a)(2). The Debtor's Chapter 13 plan also

fails to provide for the payment of the second and third mortgages on the property,

although, if her Schedule D has any integrity, there is equity in the property to satisfy those

mortgages, as well as the secured claim of the Massachusetts Department of Revenue. *See*

11 U.S.C. § 1325(a)(5).

Finally, the Debtor's Chapter 13 plan fails to provide for the amount of the Town of

Franklin's real estate tax lien in the amount of $17,389.25, the amount set forth in its proof

of claim and the amount set forth on the Debtor's Schedule D. Rather, the Debtor's Chapter

13 plan utilizes the amount of $11,745.25, which is the amount set forth in Sarner's Second

Amended Pre-Confirmation Chapter 13 Plan.

**IV. DISCUSSION**

A. Substantive Consolidation and Joint Administration

The Court in In re H.H. Distribs., L.P., 400 B.R. 44 (Bankr. E.D. Pa. 2009), succinctly

set forth the law applicable to substantive consolidation. It stated:

> Substantive consolidation merges the assets and liabilities of the debtors into
> a unitary debtor estate with all the cumulative assets and liabilities (except
> inter-entity liabilities, which are eliminated). The result is that all claim

holders must look to the consolidated entity for their distribution. In re Owens Corning, 419 F.3d 195, 205 (3d Cir.2005). Substantive consolidation is not specifically provided for in the Bankruptcy Code. Rather the court's power to order substantive consolidation is commonly found to be derived from its equitable powers contained in § 105. *See, e.g.*, In re Augie/Restivo Baking Co. Ltd., 860 F.2d 515, 518 (2d Cir. 1988).

The courts that have considered the permissibility of substantive consolidation have articulated various tests and factors to be considered. For example, in Augie/ Restivo, 860 F.2d at 518, the Second Circuit Court of Appeals stated the test as (1) whether creditors dealt with the entities as a single economic unit and did not rely on their separate identity in extending credit or (2) whether the affairs of the debtor are so entangled that consolidation will benefit all creditors. Other courts have identified other criteria such as (1) the use of consolidated financial statements; (2) the unity of interest of and ownership between the entities; (3) existence of parent and intercorporate loan guarantees; (4) degree of difficulty in identifying and segregating individual assets and liabilities; (5) existence of asset transfers without observance of corporate formalities; (6) commingling of assets; and (7) profitability of consolidation at a single location. In re Orfa Corp., 129 B.R. 404, 414-415 (Bankr.E.D. Pa. 1991) (citing cases). Not all these factors need to be present to order consolidation. Id.

In re H.H. Distribs., Inc., 400 B.R. at 53-54.   The court also distinguished between substantive consolidation and joint administration, observing the following: "Substantive consolidation differs from procedural consolidation, more commonly known as joint administration, in that the latter does not effect the substantive rights of creditors or their respective debtor estates but rather is a tool of administrative convenience and cost efficiency." Id. at 53 n. 15.

Applying the factors set forth above, and considering the objections filed by the Chapter 13 trustee and MSB, the Court concludes that substantive consolidation of the Debtor's Chapter 13 case with Sarner's Chapter 13 case is unwarranted for numerous

compelling reasons.  First and foremost, the Debtor's attempt to utilize the proof of claim

bar date established in Sarner's case violates principles of due process.  In view of the

provisions of 11 U.S.C. § 501 and Fed. R. Bankr. P. 3002(c), creditors, including secured

creditors such as MSB, would be deprived of the opportunity to file their proof of claim in

the Debtor's Chapter 13 case and to have allowed claims provided for in the Debtor's

Chapter 13 plan.

Although MSB failed to timely file a proof of claim in Sarner's Chapter 13 case, there

are no grounds in fact or law to deprive it of the opportunity to file a proof of claim in the

Debtor's Chapter 13 case and have its claim appropriately treated pursuant to 11 U.S.C. §

1325(a)(5).  The Debtor has advanced no legitimate reason to treat its claim in her case the

same way as Sarner has treated it in his case where MSB did not timely file a proof of claim.

Moreover, Sarner has indicated that MSB's claim is wholly unsecured based on the amount

of liens superior to it.  That position, however, is inconsistent with the information set forth

by the Debtor on Schedule D.  Even were MSB's claim to be determined to be wholly

unsecured in Sarner's Chapter 13 case, Sarner's proposed treatment of its claim, i.e.,

providing MSB with no distributions, would not bind MSB in the Debtor's Chapter 13 case,

if it timely filed a proof of claim, for purposes of a distribution on a wholly unsecured

claim.

The other factors identified by the court in Augie/Restivo compel the conclusion

that the Debtor's case should not be substantively consolidated with Sarner's Chapter 13

case.  Consolidation will not benefit all creditors and will, in fact, harm some.  Because the

Debtor received a discharge, her income should be channeled to the payment of her secured and priority debt. Because Sarner has significant unsecured debts and the Debtor presumptively has none in view of her recent Chapter 7 discharge, the use of the Debtor's income to pay a dividend to those creditors harms her secured and priority creditors.

The application of substantive consolidation here is prejudicial to creditors. The Debtor's financial affairs, while similar to those of her spouse, are not so complex or entangled as to warrant the relief sought. The objections raised by the Chapter 13 trustee and MSB are meritorious, and the Motion for Consolidation shall be denied. Moreover, the Court shall deny the request for joint administration. The existence of two bar dates for proofs of claim and the Debtor's lack of an entitlement to a discharge in this case because of her Chapter 7 discharge in her prior case compel the conclusion that maintaining separate cases will avoid, rather than ameliorate, confusion among creditors.

B. The Motion for Relief from Automatic Stay under Section 362(d)(1) and (2)

In In re Haines, 309 B.R. 668 (Bankr. D. Mass. 2004), this Court observed:

According to the United States Court of Appeals for the First Circuit "[t]hat the statute sets forth certain grounds for relief and no others indicates Congress' intent that the issues decided by a bankruptcy court on a creditor's motion to lift the stay be limited to these matters." Grella v. Salem Five Cent Sav. Bank, 42 F.3d 26, 31 (1st Cir.1994). The First Circuit, in determining that an order granting relief from stay did not have preclusive effect on a trustee's preference counterclaim, stated that "the hearing on a motion for relief from stay is meant to be a summary proceeding." Id. (citing Matter of Vitreous Steel Prds. Co., 911 F.2d 1223, 1232 (7th Cir.1990)). It held the following:

As a matter of law, the only issue properly and necessarily before a bankruptcy court during relief from stay proceedings is whether the movant creditor has a colorable claim; thus, a

11

> decision to lift the stay is not an adjudication of the validity or
> avoidability of the claim, but only a determination that the
> creditor's claim is sufficiently plausible to allow its prosecution
> elsewhere."

Grella, 42 F.3d at 34.

In re Haines, 309 B.R. at 674.

Dean Co-Operative Bank seeks relief from stay under both 11 U.S.C. § 362(d)(1) and

(d)(2). While Dean Co-Operative Bank decries multiple filings made by the Debtor and

Sarner in support of its request for relief "for cause" under § 362(d)(1), the Court is not

persuaded by its "bad faith" arguments. The Debtor and her spouse are trying to save their

home. Each has filed one prior case. The Debtor's prior case was not filed within a year

and the provisions of 11 U.S.C. § 362(c)(3) are inapplicable. Although the parties have

raised issues as to the applicability of the *in rem* order issued by Bankruptcy Judge Hillman

and Dean Co-Operative Bank's decision not to record that order, *see* 11 U.S.C. § 362(d)(4),

Dean Co-Operative Bank's election to file a Motion for Relief from Automatic Stay

effectively moots those issues. Accordingly, the Court finds the "cause" cited by the bank

to be unpersuasive.

With respect to relief under 11 U.S.C. § 362(d)(2), however, the Court finds that

Dean Co-Operative Bank has established a colorable claim to relief. Pursuant to 11 U.S.C.

§ 362(g), Dean Co-Operative Bank has the burden of proof on the issue of the Debtor's lack

of equity in the property, and the Debtor has the burden of proof on all other issues,

including whether the property is necessary to an effective reorganization. *See* United

Sav. Ass'n of Texas v. Timbers of Inwood Forest Assocs., Ltd., 484 U.S. 365, 376 (1988); In re Huggins, 357 B.R. 180, 185 (Bankr. D. Mass. 2006) (the Debtor must "present evidence that (a) she has proposed a plan rooted in her actual financial experience and condition and based on a reasonably projected financial performance derived therefrom and (b) this plan is within the realm of reasonable achievement within a prescribed and discernable period of time.").     The Debtor's Schedule D establishes lack of equity, and the Court finds that the Debtor failed to sustain her burden that the property is necessary to an effective reorganization that is in prospect.  Indeed, her plan, which is in reality Sarner's plan,  is patently unconfirmable as it violates numerous provisions of 11 U.S.C. §§ 1322(a) and 1325(a)(5).

Pursuant to 11 U.S.C. § 1322(a)(2), the Debtor must provide for full payment of priority claims, "unless the holder of a particular claim agrees to a different treatment." Thus, to obtain confirmation of her plan, the Debtor must pay the priority claim of the Internal Revenue Service in the sum of $65,758 as set forth on Schedule E, as well as her attorney's fee in the sum of $3,500. *See* 11 U.S.C. §§ 503, 507, and 1322(a)(2).  Additionally, the Debtor must provide for the payment of secured claims in accordance with 11 U.S.C. §§ 1322(b)(2) and 1325(a)(5).  The Court is compelled to find that the plan proposed by the Debtor, which makes use of the bar date in Sarner's case and his Second Amended Pre-Confirmation Plan, an objection to which this Court recently sustained, is not confirmable because it does not satisfy the mandatory provisions of the Bankruptcy Code governing confirmation of Chapter 13 plans.

The Court also observes that the Debtor's plan, which incorporates Sarner's monthly plan payment of $6,317, is not feasible.  There is no evidence in the record of the Debtor's case or Sarner's case which would support the couple's ability to make such a monthly payment.  Neither Schedules I and J nor Official Form 22C permit the Court to infer that Sarner (and the Debtor) could make monthly plan payments of $6,317, a sum almost three times what the Debtor set forth as the couple's monthly net income, i.e., $2,125.  Indeed, the sum of $6,317 would appear to be pulled out of thin air as Sarner's Amended Schedules I and J would produce net monthly income of, at most, $3,753.

For the Court to determine that the Debtor has a plan in prospect and that there is "a reasonable possibility of a successful reorganization within a reasonable time,"*see* Timbers, 484 U.S. at 376; Huggins, 357 at 185, the Court must assess both the feasibility and confirmability of the Debtor's proposed plan.  For the reasons identified above, the plan proposed by the Debtor is neither confirmable nor feasible.  Moreover, it violates basic principles of due process as it deprives creditors of an opportunity to file proofs of claim in the Debtor's present Chapter 13 case.  The Debtor's reliance upon Sarner's proof of claim bar date and objections to claims is unwarranted and without legal support.  Accordingly, the Court finds that the Debtor has failed to sustain her burden under 11 U.S.C. 362(g), and Dean Co-Operative Bank is entitled to relief from the automatic stay under 11 U.S.C. § 362(d)(2).

**V. CONCLUSION**

In accordance with the foregoing, the Court shall enter orders denying the Debtor's

Motion for Consolidation or Joint Administration and granting Dean Co-Operative Bank's

Motion for Relief from Automatic Stay.  The Court, however, shall deny the request for a

waiver under Fed. R. Bankr. P. 4001(a)(3) as the reason stated for the request, namely a

foreclosure sale scheduled for August 11, 2010, is moot.  The Court finds that the Debtor's

Motion for Order Confirming Automatic Stay and Dean Co-Operative Bank's Motion to

Strike are moot.

By the Court,

Joan N. Feeney
United States Bankruptcy Judge

Dated: August 19, 2010
cc: David G. Baker, Esq., Guy B. Moss, Esq., Carolyn Bankowski, Esq.