UNITED STATES BANKRUPTCY COURT
FOR THE
DISTRICT OF MASSACHUSETTS

~~~~~~~~~~~~~~~~~~~~~~~~~~~

In re
**MELISSA B. SARNER,**           Chapter 13
    Debtor                     Case No. 10-17487-JNF

~~~~~~~~~~~~~~~~~~~~~~~~~~~

**MEMORANDUM**

**I. INTRODUCTION**

    Melissa B. Sarner (the "Debtor") filed, on August 23, 2010, a Motion for Relief from Order Granting Relief from the Automatic Stay (the "Motion"), in which she states that this Court's order dated August 19, 2010 is based on manifest errors of fact and law. The Court shall treat the Motion as a Motion for Reconsideration under Fed. R. Bankr. P. 9024, which makes Fed. R. Civ. P. 60 applicable to bankruptcy proceedings.

    In her motion, the Debtor specifically seeks reconsideration of this Court's order granting Dean Co-Operative Bank relief from the automatic stay under 11 U.S.C. § 362(d)(2). In its Memorandum accompanying the order granting Dean Co-Operative Bank relief from the automatic stay, the Court determined that the Debtor lacked equity in 625 Old Farm Road, Franklin, Massachusetts (the "property") and that the Debtor failed to

1

sustain her burden that the property is necessary to an effective reorganization that is in prospect. In her present Motion, the Debtor does not seek reconsideration of the denial of her Motion for Consolidation or Joint Administration of her Chapter 13 case with that of her spouse, Lawrence E. Sarner ("Sarner"), who commenced a Chapter 13 case on November 24, 2009, which is pending before the Court (Case No. 09-21351-JNF) .

Upon consideration of the Motion, and the record of proceedings in this case, the Court shall enter an order denying the Motion.

## II. BACKGROUND

The Court incorporates by reference its Memorandum and Order dated August 19, 2010.

## III. STANDARD FOR RECONSIDERATION

According to the court in Hovis v. Grant/Jacoby, Inc. (In re Air South Airlines, Inc.), 249 B.R. 112 (Bankr. D.S.C. 2000),

> The decision of whether to grant a motion for relief from judgment under the standard set forth in Rule 60(b) lies within the discretion of the Court. *See, e.g.* Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp., 843 F.2d 808, 810 (4th Cir.1988); Park Corp. v. Lexington Ins. Co., 812 F.2d 894, 896 (4th Cir.1987). In determining whether a judgment should be set aside under the standard of Rule 60(b), the Court must engage in a two-pronged process. First, the moving party must satisfy three requirements: (1) the motion must be timely filed; (2) the moving party must have a meritorious defense to the action; and (3) the setting aside of the judgment must not unfairly prejudice the nonmoving party. *See* Nat'l Credit Union v. Gray, 1 F.3d 262, 264 (4th Cir.1993); Park Corp., 812 F.2d at 896. Once the requirements of the first prong have been met, the moving party must next satisfy one of the six grounds for relief set forth in Rule 60(b). *See* Park Corp., 812 F.2d at 896.

249 B.R. at 115-16. In In re Bererhout, 431 B.R. 42 (Bankr. D. Mass. 2010), this Court

observed that in the First Circuit, "[r]elief under Rule 60(b) is available . . . when exceptional circumstances exist to justify extraordinary relief." Rodriguez Camacho v. Doral Fin. Corp. (In re Rodriguez Camacho), 361 B.R. 294, 301 (B.A.P. 1st Cir. 2007) (citing Simon v. Navon, 116 F.3d 1, 5 (1st Cir.1997)). Additionally, "'a party who seeks recourse under Rule 60(b) must persuade the trial court, at a bare minimum, that his motion is timely; that exceptional circumstances exist, favoring extraordinary relief; that if the judgment is set aside, he has the right stuff to mount a potentially meritorious claim or defense; and that no unfair prejudice will accrue to the opposing parties should the motion be granted.' " 361 B.R. at 301 (citing Karak v. Bursaw Oil Corp., 288 F.3d 15, 19 (1st Cir.2002)).

## IV. DISCUSSION

The Debtor has satisfied the element of timeliness under the standard set forth above. She has failed, however, to persuade this Court that exceptional circumstances exist to justify the relief requested.

The Debtor maintains that this Court erred in finding that she had no equity in the property. The Debtor admitted that she had no equity in the property in Schedules A and D, where she valued the property at $487,000 and listed liens and encumbrances totaling $509,814.25. It is well-settled in Massachusetts that all liens affecting the property are considered in determining whether the Debtor has equity for purposes of 11 U.S.C. § 362(d)(2). The Debtor's reliance on In re Gould, 348 B.R. 78 (Bankr. D. Mass. 2006), is misplaced. To the extent that the court in Gould did not consider all encumbrances

affecting real property for purposes of determining a motion for relief from the automatic stay under section 362(d)(2) it is at odds with the weight of authority in this district.

In <u>In re Jug End of the Berkshires, Inc.</u>, 46 B.R. 892, 901 (Bankr. D. Mass. 1985), the court stated: "The majority view . . . defines equity as the difference between the property value and the total amount of liens against it." (citations omitted). Moreover, "[t]he existence of junior lienholders is relevant . . . to § 362(d)(2) and not to § 362(d)(1)." <u>Id.</u> *See also* <u>In re Sunshine Three Real Estate Corp.</u>, 2009 WL 3617798 (Bankr. D. Mass. Oct. 26, 2009).

Although the Debtor argues that her plan was not predicated on the proof of claim bar date of April 6, 2010 applicable to the plan proposed by Sarner, she proposed a plan virtually identical to his in which she provided for the identical treatment of secured claims, but without a monthly plan payment. In other words, her plan was the same as his Second Amended Pre-Confirmation Plan which provided for a monthly plan payment of $6,317, a sum which included the monthly mortgage obligation to Dean Co-Operative Bank in the sum of $2,585, and contained the following provision:

> Although this creditor has received relief from the automatic stay, the debtor [Sarner] is making provision for payment to the trustee of BOTH the pre-petition arrears claim AND the post-petition payment coming due. No late fee shall be charge [sic] by Dean. *No distribution to Dean Cooperative Bank shall be made, notwithstanding the plan or any Proof of Claim, unless the order granting relief from stay is reversed on appeal. . . .*

The Court was justified in inferring that the Debtor proposed to use Sarner's bar date, which has expired, because she proposed to use his plan and pay creditors according to

4

proofs of claim filed (or not filed as the case may be) in his case. While the Debtor maintains that she did not represent that she intended to utilize the bar date applicable to Sarner's case, her plan speaks for itself and the Court's inference was warranted under the circumstances.

The Debtor also argues that "[t]he court should not hold Melissa or Lawrence responsible for MSB's [Middlesex Savings Bank] failure timely to file a proof of claim [in Sarner's case] . . . ," adding that "[i]n Melissa's case, the argument in favor of treating MSB's claim in this manner [i.e., in the manner set forth in Sarner's Second Amend Pre-Confirmation Chapter 13 Plan] is even stronger." The Court disagrees. The Court also disagrees that MSB, in the Debtor's words, received "all the due process to which it is entitled" in the Debtor's case. Because the proof of claim bar date has not passed in the Debtor's case, MSB may still file a proof of claim in her case and, the Debtor then may seek a determination of its secured status. The Debtor is correct, however, in her contention that, were MSB to file a claim that was determined to be wholly unsecured, she would not need to provide a distribution to MSB in view of her Chapter 7 discharge. Nevertheless, based upon the Debtor's Schedule D, the value the Debtor ascribes to the property, and the amount of debt owed to MSB, MSB would appear to be fully secured. Indeed, in view of the Debtor's argument that there is "an equity cushion," with respect to her property, her simultaneous contention that MSB's claim need not be addressed in *her* plan is perplexing.

The Debtor also argues that this Court erred in finding that the Debtor's proposed plan is not feasible, referring to pay stubs submitted to the Court, and changes in

circumstances since the filing of the Debtor's and Sarner's prior cases. The plan proposed by the Debtor, i.e., Sarner's Second Amended Pre-Confirmation Chapter 13 Plan, is not feasible because the Court sustained an objection to it filed by Dean Co-Operative Bank. Moreover, Sarner's plan provided for a monthly plan payment of $6,317, a sum which includes the payment of $2,585 for Dean Co-Operative Bank's monthly mortgage payment. The following table sets forth the Debtor's reported income and expenditures reflected on Schedules I and J, which she filed on August 9, 2010 and Sarner's reported income and expenditures from amended Schedules I and J filed on March 3, 2010 and January 15, 2010, respectively.[1]

| Schedule | Date | Amt. - Debtor | Amt.- Sarner | Mo. Net Income |
| --- | --- | --- | --- | --- |
| I | 8/9/10 | $9,767 | | |
| J | 8/9/10 | $7,642 | | $2,125 |
| Amended J | 1/15/10 | | $6,924 | $2,843 ($9,767-$6,924) |
| Amended I | 3/3/10 | | $10,677 | $3,753 ($10,677-$6,924) |

Sarner, through his Second Amended Pre-Confirmation Plan filed on June 7, 2010, proposed a monthly plan payment of $6,317, which included the payment of $2,585 to Dean

---

[1] In the following table, the Court calculated Sarner's monthly net income on January 15, 2010 using his reported Combined Average Monthly Income from original Schedule I and amended Schedule J. To calculate his monthly net income for March 3, 2010, the Court used the Combined Monthly Income from amended Schedule I and the expenditures reported on amended Schedule J filed on January 15, 2010.

Co-Operative Bank with respect to its first mortgage.  For purposes of comparing the Sarner' plan payment with Sarner's reported monthly net income, the plan payment is comprised of $3,732 plus $2,585.  Thus, Sarner's monthly net income is slightly more than what he proposed to contribute to his Second Amended Pre-Confirmation Plan based upon what can be computed from Sarner's Amended Schedules I and J.  In contrast to Sarner, however, the Debtor, more recently, reported monthly net income of only $2,125.  If the monthly mortgage payment to Dean Co-Operative Bank were to be added to that figure it produces $4,718, a sum significantly less than the $6,317 plan payment.

The Debtor complains that she was entitled to an evidentiary hearing with respect to plan feasibility.  The Court disagrees.  The Debtor filed her Schedules and Statement of Financial Affairs under penalty of perjury.  She filed her Schedules I and J just ten (10) days before the Court issued its ruling.  The Court need not look beyond those submissions or conduct an evidentiary hearing to examine pay stubs from Sarner's case to determine whether Dean Co-Operative Bank established a colorable claim to relief, particularly where the Court sustained an objection to the very plan upon which the Debtor relies. *See* Grella v. Salem Five Cent Sav. Bank, 42 F.3d 26, 34 (1st Cir. 1994).

In furtherance of her position that the Court erred in determining that she had not satisfied her burden of showing that she had a reasonable possibility of a successful reorganization within a reasonable time, the Debtor argues that the priority claim she owes the IRS is unsecured and, therefore, it was discharged in her Chapter 7 case, unless it is nondischargeable pursuant to 11 U.S.C. § 523(a)(1).  She adds that any proof of claim filed

7

by the IRS would control, referencing the proof of claim filed by the IRS in Sarner's case. The Debtor listed the IRS as the holder of a priority claim in the sum of $65,758 on Schedule E. Because the proof of claim deadline has not passed, the Court justifiably inferred that the Debtor owed that sum because she listed it on Schedule E. The Debtor now asserts that only a portion of the claim is entitled to priority. The Court recognizes that the IRS now has filed a proof of claim in the Debtor's case, setting forth a priority claim in the sum of $50,640.75 and an unsecured nonpriority claim in the sum of $12,756.97. The proof of claim reflects that the IRS is seeking payment of income taxes for the 2006 and 2007 tax years that were assessed in February of 2009. The Debtor's reliance on the proof of claim filed by the IRS in Sarner's case is misplaced because the IRS now has filed a proof of claim in her case and Sarner filed his petition over seven months ago.

The Debtor makes the same argument about the controlling effect of proofs of claim with respect to the Town of Franklin's proof of claim. The Town of Franklin, however, filed a proof of claim in the Debtor's case on August 6, 2009 in the amount of $17,389.25, yet the Debtor's plan (i.e., Sarner's Second Amended Pre-Confirmation Plan) provided for payment of its secured claim in the sum of $11,745.25. The Debtor's position supports the Court's conclusion that the Debtor, in fact, intended to rely on Sarner's proof of claim bar date, despite her protestations to the contrary. To conclude otherwise would permit another inference, namely that the Debtor filed her Chapter 13 plan for purposes of delay, knowing that creditors would be compelled to file objections to confirmation which ultimately would have to be resolved by the Court. The Court concludes that it is improper

for her to reject the figures she set forth in her own Schedules, which she executed under penalty of perjury and to rely instead upon proofs of claim filed in Sarner's case, particularly where the Town of Franklin filed a proof of claim in the amount of $17,389.25 in her case. Because the Debtor has stated that "the Proof of Claim controls for plan purposes, not the schedules," the Court concludes that the Debtor's plan must provide for the amounts set forth in proofs of claim filed in her case absent a Court order sustaining objections to claims.

## V. CONCLUSION

For the foregoing reasons, the Court finds that the Debtor failed to sustain her burden with respect to her Motion. The Court shall enter an order denying the Debtor's Motion for Relief from Order Granting Relief from Automatic Stay.

By the Court,

Joan N. Feeney
United States Bankruptcy Judge

Dated: September 8, 2010
cc: David G. Baker, Esq., Guy B. Moss, Esq., Carolyn Bankowski, Esq.